UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THELMA SHIPPING CO. LTD.,

                Plaintiff,

  - against -

BEIJING SHOU-RONG FORWARDING SERVICE CO.
LTD. a/k/a BEIJING SHOURONG FORWARDING
SERVICE CO. LTD.,

                Defendant.
------------------------------------------------------------------X

08 Civ. 01804 (PAC)

ECF CASE

## ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Plaintiff, THELMA SHIPPING CO. LTD ("Plaintiff"), by and through its undersigned counsel, Lennon, Murphy & Lennon, LLC, answering the allegations set forth in Defendant BEIJING SHOU-RONG FORWARDING SERVICE CO. LTD. a/k/a BEIJING SHOURONG FORWARDING SERVICE CO. LTD.'s ("Defendant") Verified Answer and Counterclaim dated March 26, 2008 ("Counterclaim"), alleges, upon information and belief, as follows:

1. Calls for a legal conclusion such that no admission or denial is warranted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admits that pursuant to a charter party dated November 9, 2007, Plaintiff time-chartered the Vessel to Defendant, and except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth at paragraph 5 of the Counterclaim.

6.  Admits that the Charter included the standard New York Produce Exchange charter party terms, as amended and varied by the Fixture Recap.

7.  Admits that Clause 1 states owner shall "keep the vessel in a thoroughly efficient state in hull, machinery, and equipment for and during service", and except as so admitted, denies the remaining allegations set forth in paragraph 7 of the Counterclaim.

8.  Denied.

9.  Admitted.

10. Admitted.

11. Admits that the vessel remained in port at Brazil while loading cargo, and except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 11 of the Counterclaim.

12. Admitted.

13. Admitted.

14. Denied.

15. Admitted.

16. Admitted.

17. Admits that there was underwater growth which slowed the vessel's progress, and except as so admitted, denies the remaining allegations set forth at paragraph 17 of the Counterclaim.

18. Denied.

19. Denies that Clause 102 was part of charter party contact.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admits that interest, costs and attorneys fees are routinely awarded to the prevailing party under English law, and except as so admitted, denies the remaining allegations set forth at paragraph 24 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Plaintiff is not liable to Defendant on the causes of action alleged in the Counterclaim.

### Third Affirmative Defense

Defendant's claims are barred by the equitable doctrine of unclean hands.

### Fourth Affirmative Defense

Defendant's claims are barred by the equitable doctrine of laches.

### Fifth Affirmative Defense

Any damages sustained by the Defendant, as alleged in the Counterclaim, were proximately, directly or solely caused by the negligent acts of third persons whom Plaintiff had and has no direction or control.

### Sixth Affirmative Defense

Defendant knowingly and intentionally assumed any and all risk inherent in the shipment of goods at issue by sea, which is a complete bar to recovery.

### Seventh Affirmative Defense

Any damages that may have been sustained by Defendant, as alleged in the Counterclaim, occurred as a direct result of Defendant's own negligent conduct, and not by any negligence of Plaintiff and as such Defendant is barred from recovery in this action.

### Eighth Affirmative Defense

Defendant is guilty of culpable conduct in the events giving rise to the claims now asserted in Defendant's Counterclaim, and its recovery, if any, must be diminished in proportion thereto.

### Ninth Affirmative Defense

Defendant has failed to mitigate its damages.

### Tenth Affirmative Defense

This Answer is made without waiver of any defenses or rights to arbitrate that may exist between the parties. Further, this Answer is made without waiver of Plaintiff's right to request security for the costs of posting countersecurity pursuant to Rule E(2)(b).

### Eleventh Affirmative Defense

The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the denial of countersecurity.

**WHEREFORE**, Plaintiff prays:

A.   That the Court deny Defendant's request for countersecurity and dismiss Defendant's Counterclaim;

B.   That in the alternative, the Court reduce Defendant's countersecurity it its discretion;

C.   That in the further alternative, the Court grant Plaintiff additional security for the costs of posting the countersecurity pursuant to Supplemental Rule E(2)(b);

D. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: April 23, 2008
       Southport, CT

                         The Plaintiff,
                         THELMA SHIPPING CO. LTD.

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrp@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on April 23, 2008, a copy of the foregoing Answer to Counterclaim and Affirmative Defenses was filed electronically and served by FedEx, return receipt mail and/or facsimile on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Nancy R. Peterson (NP 2871)