James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANT
BEIJING SHOURONG FORWARDING
SERVICE CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THELMA SHIPPING CO. LTD., | |
| Plaintiff, | 08 Civ.1804 (PAC) |
| -against- | |
| BEIJING SHOU-RONG FORWARDING SERVICE CO. LTD. a/k/a BEIJING SHOURONG FORWARDING SERVICE CO. LTD. | |
| Defendant. | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR COUNTER-SECURITY**

Defendant Beijing Shourong Forwarding Service Co. Ltd., ("Beijing" or "Defendant"), respectfully submits this Reply Memorandum of Law in further support of its motion requesting that this Court issue an Order, pursuant to Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule"), directing that Plaintiff Thelma Shipping Co. Ltd., ("Thelma" or "Plaintiff") provide counter-security on Beijing's counter-claim.

## PRELIMINARY STATEMENT

Beijing is entitled to full counter-security for its $181,604.53 counter-claim (excluding attorney's fees, costs and arbitration fees).[1] Beijing suffered substantial damages because of Thelma's failure to fulfill its obligations as owner of the vessel MANASOTA ("Vessel") under the parties' charter party agreement ("Charter").

Thelma currently holds $1,351,155.04 of Beijing's funds pursuant to the Ex Parte Order and Process of Maritime Attachment issued in this case, and is fully secured for its claims set forth in its Verified Complaint.

In bringing this motion for counter-security, Beijing merely seeks to be put on even footing. Thelma and Beijing have reciprocal claims, and equity demands that Beijing be allowed security for its counter-claims against Thelma in connection with Thelma's breach of the Charter.

This Court need not conduct an extensive analysis of the merits of Beijing's counter-claim at this juncture as Thelma suggests in its opposition papers. Beijing's counter-claim clearly arises out of the same transaction as Thelma's claims because it is based on the same charter party upon which Thelma's claims are based. Beijing's counter-claim is not frivolous,

---

[1] With estimated costs, attorneys' fees and interest Beijing requests counter-security in the amount of $417,129.67. In addition, the loss of interest on the attached funds should be included in the amount of counter-security so ordered by this Court.

general, speculative or lacking in merit. Beijing has a valid claim for speed and over-consumption charges arising from the parties' charter party. Accordingly, this Court should order Thelma to post countersecurity within ten days of its opinion and order. In the event Thelma refuses to comply with the Court's Order for countersecurity, the attachment order against Beijing should be vacated.

## FACTS

The background facts are set forth in full in the accompanying Declaration of Glenn Daniel Winter, Beijing's London counsel ("Winter Declaration"), the Declaration of Yu Quiang, Beijing's Manager of Iron Ore Shipping Department, ("Quiang Declaration"), and the Affidavit of James H. Power submitted with Beijing's initial motion papers.

The parties are largely in agreement as to many of the underlying facts germane to Beijing's motion for counter-security, but certain key facts need clarifying.

**A.   Beijing's Failure to Yet Assert Its Counter-claim in the London Arbitration Has No Bearing on the Claim's Merits**

Thelma argues that the fact that Beijing has not yet asserted its underperformance claim in the parties' ongoing arbitration in London is evidence that the claim is lacking in merit. (Opposition Memorandum of Law at 5). But there is no truth to this assertion. Beijing fully intends to submit its underperformance claim for determination in the London arbitration, and received an extension in order to more fully document its claim based on documents recently received from Thelma. (Winter Declaration ¶ 7).

**B.   Beijing Has Not Already Obtained Security for Its Counter-claim By Deduction of Hire**

Beijing has not made an over-deduction of charter hire and does not have security for its under-performance claim. Based on Beijing's calculations and as set forth in its Hire Statement dated January 3, 2008, the Vessel's underperformance during the voyage from Itaguai, Brazil to

3

China gives rise to a claim in the amount of US$ 1,178,697.80 consisting of US$1,025,964.36 with respect to time, US$142,365.10 for IFO bunkers, and US$ 10,368 for MDO bunkers. (Exhibit 1 to Qiang Declaration; Winter Declaration at ¶ 11). Thelma is only claiming hire in the amount of US$ 984,891.60. (Hicks Declaration at ¶ 3). As Beijing's London counsel explains in his declaration, even by Thelma's own figures, Beijing has a counter-claim for US$193,806.20 (i.e. US$ 1,178,697.80 less US$984,891.60). (Winter Declaration at ¶ 11). Due to minor discrepancies between the hire statements of Thelma and Beijing, the balance due Beijing for the Vessel's under-performance is actually US$181,604.53. The discrepancies of the parties' hire statements as well as the proper valuation of Beijing's counter-claim is for the London arbitration tribunal to evaluate in due course.

## ARGUMENT

### POINT I

### COUNTERSECURITY IS APPROPRIATE BECAUSE BEIJING'S COUNTERCLAIM IS WELL-PLEAD AND NOT FRIVOLOUS OR DEFECTIVE

Thelma argues that Beijing's claim is "frivolous, general, speculative, and clearly lacking merit." (Thelma's Opposition Memorandum of Law at 7). But Thelma's counsel made these same arguments in *Voyager Shipholding Corp. v. Hanjin Shipping Co., Ltd.,* 07 Civ. 11123 (GEL), 2008 U.S. Dist. LEXIS 11045, at *6, *9 (S.D.N.Y. Feb. 13, 2008), a case also involving a counter-claim for speed and over-consumption charges in which the court found that counter-security for the defendant's over-consumption and speed claims was warranted. In *Voyager,* the court explained that courts need to be cautious in addressing the merits of disputes at the "very

preliminary state of litigation at which security and countersecurity issues typically arise." *Id.* at *6.

> [C]ourts should be reluctant to prejudge the merits of claims based essentially on the pleadings and a sparse record consisting of a few documents, in advance of any discovery. This is particularly so when the ultimate merits will be decided not by a Court, but by an arbitration panel in another country.

*Id.* at *6-*7 (quoting *Finecom Shipping Ltd. v. Multi Trade Enterprises,* 05 Civ. 6695 (GEL), 2005 U.S. Dist. LEXIS 25761, at * 5 (S.D.N.Y. Oct. 25, 2005)).

The fact that Beijing has not yet made its defense submission in the parties' London arbitration is in no way indicative of the merits of Beijing's counter-claim as Thelma suggests. (Opposition Memorandum of Law at 4-5, 10). Nor does the fact that Beijing's counter-claim has not yet been asserted in the London arbitration make it speculative. (*Id.* at 10). The law is well-settled that litigation need not have begun in order for a claim to be ripe for the purposes of seeking security for that claim. *Rhonda Ship Management Inc. v. Doha Asian Games Organising Comm.,* 511 F. Supp. 2d 399, 403 (S.D.N.Y. 2007). In *Rhonda Ship Management,* Thelma's counsel represented the plaintiff and "sought an attachment in contemplation of litigation in London." *Id.* The court found that the plaintiff's action was not premature or too speculative explaining that "[i]n maritime attachment cases not based upon a claim for contingent indemnity, courts have allowed a plaintiff to apply for an attachment in contemplation of litigation." *Id.* The same principle holds true for counter-claims. Here, litigation is more than merely being contemplated. The parties have initiated arbitration, and Beijing will be submitting its defenses and counter-claim in the near future. Thus, Beijing's counter-claim is not premature or speculative.

5

In *Voyager,* Thelma's counsel attempted to argue that there was a "merely retaliatory concoction of claims." *Voyager Shipholding Corp.,* 2008 U.S. Dist. LEXIS 11045, at *8. But the court found this argument unavailing explaining:

> [i]n any case, skepticism about a claim's merits or mere suspicions about a party's motives are not sufficient to conclude that the claims are frivolous or asserted purely for harassment. [Defendant's] counterclaims are well-pleaded and based on plausible if debatable legal theories. That is sufficient to hurdle the frivolity bar and support a demand for countersecurity.

Likewise, Beijing has submitted a well-pleaded counter-claim, supported by both declaratory and documentary support that merits the awarding of countersecurity pursuant to Supplemental Rule E(7).[2]

Thelma cites several "representative cases" where courts have refused to order the posting of counter-security, but none of the circumstances described in these cases are analogous to the instant case.

*Ythan Limited v. Americas Bulk Transport Limited,* 336 F. Supp. 2d 305, 307 (S.D.N.Y. 2004) involved a defendant seeking security for a "highly contingent" cargo indemnity claim, whereas here Beijing's claim for under-performance has fully accrued. (Opposition Memorandum of Law at 8).

In *Trinidad Foundry and Fabricating, Ltd. v. M/V KAS CAMILLA,* 776 F. Supp. 1555, 1558 (S.D. Fla. 1991) the defendant had executed a document confirming that the repairs in

---

[2] Beijing respectfully requests that Thelma be provided no more than ten business days to comply with the Court's countersecurity order, should the Court rule in Beijing's favor, and that countersecurity take a form consistent with Rule 65.1.1(b) of the Local Rules for the Southern District of New York. *Pancoast, supra,* 2008 WL 190376, at *2-3. Beijing respectfully reserves it right to argue for vacatur of the attachment in its reply papers should Thelma argue in its submission that Beijing is not entitled to countersecurity. This Court may, in its discretion, vacate the attachment against Beijing if Thelma fails to provide countersecurity after an Order for countersecurity issues, *see Finecom Shipping Ltd. v. Multitrade Enterprises AG,* No. 05-6695, 2005 U.S. Dist. LEXIS 25761, *6 (S.D.N.Y. Oct. 25, 2005); *see also Voyager, supra,* 2008 WL 400923, at *5 (noting the Court's power to vacate its order of attachment on the grounds of a plaintiff's non-compliance with a countersecurity order).

question had been satisfactorily completed. (Opposition Memorandum of Law at 8). Here, there has been no such waiver made by Beijing regarding its under-performance claim.

In *Expert Diesel, Inc. v. Yacht FISHIN FOOL*, 627 F. Supp. 432, 433 (S.D. Fla. 1986), the court denied the defendant's motion for counter-security primarily because no security was necessary "to equalize the positions of the parties, and compelling plaintiff to post a bond to secure the defendant's counter-claim would "unfairly and unreasonably inhibit Plaintiff's prosecution of the case." (Opposition Memorandum of Law at 9). Such is not the case here.

*U.S. Maritime Services, Inc. v. Trade Ventures, Inc.*, No. Civ. A. 98-0499, 1998 U.S. Dist. LEXIS 10608 (E.D. La. July 8, 1998) also is inapposite to this case. (Opposition Memorandum of Law at 9). In *U.S. Maritime Services*, the defendant sought counter-security for a highly speculative lost profits claim, which the court found would create "a tremendous burden on the plaintiff and serve little purpose other than to halt the litigation." *Id.* at *6.

Even though Beijing need not support its claims with evidence at this juncture, Beijing has, in fact, supported its well-pleaded counter-claim with both declaratory and documentary evidence, and is entitled to counter-security for its claim. *See Voyager*, 2008 U.S. Dist. LEXIS 11045, at *6.

## POINT II

### BEIJING'S COUNTER-CLAIM IS NOT DESIGNED TO LEVERAGE THELMA OR PUT BEIJING AT A TACTICAL ADVANTAGE—IT IS SOUGHT MERELY TO PUT THE PARTIES ON EVEN FOOTING

Thelma argues that Beijing's counter-claim is a "manufactured artifice designed to place Defendant at a tactical advantage. . ." (Opposition Memorandum of Law at 7). It is true that a court should not require counter-security when a counter-claim is "advanced solely to secure a negotiating advantage over the complainant." *See Titan Navigation v. Timsco, Inc.*, 808 F.2d

7

400, 404 (5th Cir. 1987). But that is not the case here. Beijing simply seeks to be put on even footing with Thelma, which currently holds $1,351,155.04 of Beijing's property. Courts have identified numerous factors to be considered when exercising its discretion in the realm of counter-security under Supplemental Rule E(7), but--

> the core purpose of the countersecurity rule is to place the parties on even footing; if one party is deprived of the use of its property during the litigation but the adverse party is not, despite the pendency of reciprocal claims, the party with the security may have unfair leverage in the action.

*Finecom Shipping Ltd. v. Multi Trade Enterprises,* 05 Civ. 6695 (GEL), 2005 U.S. Dist. LEXIS 25761, at * 2 (S.D.N.Y. Oct. 25, 2005) (citing *Wash. S. Nav. Co. v. Balt. & Phila. Steamboat Co,* 263 U.S. 629, 638-39 (1924) (discussing predecessor of Rule E(7) in the 1920 admiralty rules).

## POINT III

### THERE IS NO BASIS FOR REDUCING THE COUNTER-SECURITY SOUGHT, AND THE GOAL OF EQUALITY IS BEST SERVED BY FULLY SECURING BEIJING'S COUNTER-CLAIM

At this early stage, the court has no basis to determine which party's claim is stronger than the other's. Therefore, the goal of placing the parties on even footing is best served by granting Beijing counter-security in the full amount sought.[3] *Id.* at *5-*6.

In addition, Thelma has offered no evidence that it would be "financially unable to post counter-security or that posting the counter-security would impair its ability to pursue its claim in arbitration." *Daeshin Shipping Co. Ltd. v. Meridian Bulk Carriers, Ltd.,* No. 05 Civ. 7173 (NRB), 2005 U.S. Dist. LEXIS 22409, at *10 (S.D.N.Y. Oct. 3, 2005); *The Rice Company v. Express Sea Transport Corp.,* 07 Civ. 7077 (WHP), 2007 U.S. Dist. LEXIS 84300, at *10 (S.D.N.Y. Nov. 15, 2007).

Beijing respectfully requests that this Court grant its motion for counter-security in the amount of $417,129.67 (plus interest lost on the attached funds) so that it can be put on even footing with Thelma to the extent possible.

---

[3] Beijing's estimated costs, attorneys' fees and interest for its counter-claim also should include the interest lost on the $1,351,155.04 of Beijing's funds now being held in a non-interest bearing account. The attached funds should be transferred to an interest bearing account subject to an escrow agreement between the parties as soon as is practicable. Courts recognize that it is the responsibility of both parties to ensure that attached funds are placed in an interest bearing account. *See e.g., Daeshin Shipping Co. Ltd. v. Meridian Bulk Carriers, Ltd.,* 05 Civ. U.S. Dist. LEXIS 22409, at *10 n. 9 (S.D.N.Y. Oct. 3, 2005). However, to date Plaintiff has been uncooperative with Beijing's requests to transfer the attached funds to an interest bearing account.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant the within motion in all respects and award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 5, 2008

                        Respectfully submitted,

                        HOLLAND & KNIGHT LLP

By: _____
                        James H. Power
                        Lissa D. Schaupp
                        195 Broadway
                        New York, New York  10007
                        (212) 513-3200
                        james.power@hklaw.com
                        Attorneys for Defendant
                        *Beijing Shourong Forwarding Service Co. Ltd.*.

# 5311094_v1