# Holland & Knight

Tel. 212 513 3200
Fax. 212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007
www.hklaw.com

July 25, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 3 1 2008

James H. Power
Direct: 212 513 3494
Fax: 212 385 9010
james.power@hklaw.com

**MEMO ENDORSED**

By E-mail CrottyNYSDChambers@nysd.uscourts.gov

Hon. Paul A. Crotty
United States District Judge
United States Courthouse SDNY
500 Pearl Street
New York, NY 10007-1581

Re:  *Thelma Shipping Co. Ltd. v. Beijing Shou-rong Forwarding Service Co. Ltd.*
      Docket No.: 08 Civ. 1804 (PAC)

Dear Judge Crotty:

[Handwritten endorsement:] July 31, 2008 — This matter cannot be decided based on footnotes in Reply briefs. The request is denied, without prejudice to its renewal in appropriate motion papers, with citation to the applicable law in support of this novel request. There is no need for a pre-motion conference; but if Beijing intends to make such motion, it must do so promptly. So ordered. Paul Crotty USDJ

Defendant/Counterclaimant Beijing Shou-rong Service Co. Ltd. ("Beijing") hereby submits this letter in order to inform the Court that the parties have tentatively agreed to transfer the attached funds into an interest bearing account pending mutual acceptance of an Escrow Agreement. Therefore, Defendant's request for relief that this Court Order the attached funds to be transferred into an interest bearing account may well be rendered moot.

However, the parties have not been able to agree on counter-security and Defendant's application on that issue remains *sub judice* as of May 5, 2008.

Beijing claims that estimated costs, attorneys' fees and interest for its counter-claim also should include the interest lost on the $1,351,155.04 of Beijing's funds now being held in a non-interest bearing account. (See Footnote 3 of Defendant's Reply Memorandum of Law In Support of Motion for Counter-Security; See also Footnote 1 of Defendant's Reply Memorandum of Law In Support of Motion for Counter-Security, wherein Defendant asked this Court that "the loss of interest on the attached funds should be included in the amount of counter-security so ordered by this Court.")

The interest that would have been earned (and to which Beijing is entitled) on the attached $1,351,155.04 is $264,310.00. This figure assumes 6% interest compounded quarterly for 3 years – the same interest rate asserted by Plaintiff in the Verified Complaint and Ordered by this Court.

**MEMO ENDORSED**

Page 2

Once the Escrow Agreement is completed and the funds are transferred, Defendant will again update the Court on the final amount of lost interest from the attached funds.

We remain available to answer any questions the Court may have with respect to adding Defendant's lost interest on the $1,351,155.04 under attachment to Defendant's counterclaim. Thank you for your attention to this matter.

                Very truly yours,

                HOLLAND & KNIGHT LLP

                By: *[signature]*

                James H. Power

By Email:

LENNON MURPHY & LENNON LLC

Patrick Lennon, Esq.

pfl@lenmur.com

Nancy R. Peterson, Esq.

nrp@lenmur.com

# 5485086_v1

| | Lennon, Murphy & Lennon, LLC | The GrayBar Building<br>420 Lexington Ave., Suite 300<br>New York, NY 10170<br>phone (212) 490-6050<br>fax (212) 490-6070<br>www.lenmur.com | Tide Mill Landing<br>2425 Post Rd, Suite 302<br>Southport, CT 06890<br>phone (203) 256-8600<br>fax (203) 256-8615<br>mail@lenmur.com |
|---|---|---|---|

ATTORNEYS AT LAW

July 30, 2008

**By Facsimile (212) 805-6304**
Hon. Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 735
New York, New York 10007-1581

    Re:    **Thelma Shipping Co. Ltd. v. Beijing Shou-Rong Forwarding Service Co. Ltd.**
           Docket # 08 Civ. 01804 (PAC)
           Plaintiff's response and objection to Defendant's request for security for interest
           on attached funds

Dear Judge Crotty:

       We are attorneys for the Plaintiff in this admiralty action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure. We write in response to Defendant's counsel's letter dated July 25, 2008. In the letter dated July 25, 2008, Defendant's counsel requests (without reference to any legal authority), counter-security for interest on the attached funds.

       We object to Defendant's request in many regards. We have shortly summarized those objections herein. First, there is no statutory basis or case law in support of Defendant's request for security for interest on the attached funds. Defendant may have the right to <u>request</u> that the attached funds be moved to the registry of the Court, where those funds would earn the court appointed rate of interest. However, Defendant is not entitled to <u>security</u> for interest on the attached funds, let alone interest at 6%, a rate well above that appointed by the Court. Defendant would have this Court make new law and award Defendant a bonus for having their funds attached in New York, specifically a guaranteed rate of return of 6%. Defendant's request for security for interest on the attached funds is baseless and should be denied on its face.

       Second, we further object to Defendant's request for security for interest on the attached funds as it was not raised as part of its pending motion before the Court. *See Defendant's Notice of Motion attached hereto which requests security for amounts requested* **in the counterclaim**.

       Even assuming *arguendo* that Defendant's request has any basis in the law, which Plaintiff denies, Defendant should have brought this request by proper motion, which it did not. Defendant made a motion for countersecurity under Supplemental Rule E(7), requesting countersecurity for the counterclaims alleged in its Answer and Counterclaim. It is undeniable that the request for interest on the attached funds is not a counterclaim, and even if it was, it was not alleged in Defendant's Answer. Defendant would piggyback its baseless request for countersecurity for interest on the attached funds onto its prior motion through a vague reference in a footnote.

Patrick F. Lennon    Charles E. Murphy    Kevin J. Lennon    Nancy R. Siegel    Anne C. LeVasseur    Coleen A. McEvoy

This is a case of too little too late. If Defendant wants to make a motion for countersecurity for amounts not referenced in its Answer and Counterclaim, it should request another pre-motion conference. However, Defendant's request, raised by post-briefing letter, is inappropriate.

Third, the language of Supplemental Rule E(7), the very Rule upon which Defendant relies, prohibits Defendant's request. Supplemental Rule E(7) provides for countersecurity for <u>counterclaims</u> raised by the Defendant. Defendant did not allege a counterclaim for its alleged loss of interest. Thus, it cannot be an appropriate basis for security under Supplemental Rule E(7).

If Defendant would like to make another motion, it should request another pre-motion conference. However, Plaintiff submits that Defendant's attempt to piggy back an improper and totally unsupported request for security for interest on the attached funds on the back of a motion for countersecurity for its alleged counterclaims is entirely improper and should be disregarded.

Finally, we note that any alleged "lost" interest, if any (which Plaintiff denies) on the attached funds, even at the court appointed rate, is due to Defendant's own dilatory actions, which we can detail to the Court if necessary.

In sum, Defendant's request for security for interest on the attached funds was not raised in the Answer and Counterclaim, was not part of the Motion for Countersecurity on the Counterclaim and <u>has no basis under the applicable law</u>.

For the foregoing reasons, we respectfully submit that the Court should deny Defendant's request for security for interest on the attached funds.

Should your Honor have any questions or comments we are available to discuss the same at any convenient time to the Court. We thank your Honor for consideration of this request.

Respectfully submitted,

Nancy R. Siegel

Cc: <u>*Via Facsimile (212)-385-9010*</u>
James H. Power
Holland & Knight LLP

2

James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANT
BEIJING SHOURONG FORWARDING SERVICE CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THELMA SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> BEIJING SHOU-RONG FORWARDING SERVICE CO. LTD. a/k/a BEIJING SHOURONG FORWARDING SERVICE CO. LTD. <br><br> Defendant. | 08 Civ. 1804 (PAC) |

## ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, BEIJING SHOURONG FORWARDING SERVICE CO. LTD., (hereinafter "BEIJING" or "Defendant"), by and through its attorneys, Holland & Knight LLP, answering the allegations set forth in Plaintiff's Verified Complaint alleges, upon information and belief as follows:

1.   Admitted.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 2 of the Verified Complaint.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. Denied.

8. Admitted.

9. Denied.

10. Admitted.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Verified Complaint.

12. Admits that interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law and except as so admitted, denies the remaining allegations set forth in paragraph 12 of the Verified Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 13 of the Verified Complaint.

14. Denies that Plaintiff is entitled to relief requested in paragraph 14 of the Verified Complaint.

15. Defendant further denies that Plaintiff is entitled to any of the relief prayed for in paragraphs A through G of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff on the causes of action alleged in the Verified Complaint.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks *quasi in rem* jurisdiction over Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has improperly and/or insufficiently served process on Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff, as alleged in the Verified Complaint, were proximately caused by the negligent acts of third persons who Defendant has no direction or control.

3

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are overstated in the level of security sought from and provided by Defendant and should be reduced to a reasonable sum.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is subject to arbitration in London and is governed by English law and Defendant has no liability to Plaintiff as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### TWELFTH AFFIRMATIVE DEFENSE

This Answer and Counter-claim is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

### BEIJING SHOURONG FORWARDING SERVICE CO. LTD.'S COUNTERCLAIM

As for its Counter-claim against the Plaintiff Thelma Shipping Co. Ltd., Defendant Beijing alleges as follows:

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4

2. At all times material herein, Beijing is and was business entity organized and existing under the laws of China.

3. Upon information and belief, at all times material herein, Thelma Shipping Co. Ltd., is and was a business entity organized and existing under the laws of a foreign nation.

4. At all times material to this action, Thelma Shipping Co. Ltd., was the owner of the motor vessel "MANASOTA" (hereinafter "MANASOTA" or "Vessel").

5. Pursuant to a charter party dated November 9, 2007, Beijing time-chartered the Vessel from Thelma Shipping Co. Ltd. A true and correct copy of the fixture recap, New York Produce Exchange Time Charter and Additional Clauses are annexed hereto as Exhibit 1.

6. The Charter included the standard New York Produce Exchange charter party terms.

7. Under the terms expressly set out in CLAUSE 1, owner shall "keep the vessel in a thoroughly efficient state in hull, machinery, and equipment for and during the service."

8. CLAUSE 1 required Thelma Shipping Co. Ltd., to keep the Vessel's hull free of fouling including, but not limited to, underwater growth for the period of the charter.

9. The Vessel was delivered to Beijing in or around the waters off Singapore on or about November 6, 2007, and shortly thereafter performed a voyage in ballast to Itaguai, Brazil to load a cargo of iron ore.

10. The Vessel arrived in Itaguai, Brazil on December 5, 2007.

11. Because of port delays and ships congestion, the Vessel could not immediately load its cargo of iron ore.

5

12. Despite port delays, the Vessel nonetheless completed loading by December 23, 2007 and departed Itaguai, Brazil on December 23, 2007. The total time between arrival at Itaguai and departure Itaguai was 18 days.

13. Thelma Shipping Co. Ltd., by and through its London counsel, Waterson Hicks, has admitted that substantial hull growth accumulated on the Vessel during the 18 day port period in Itaguai, Brazil from December 5 through December 23, 2007. A true and correct copy of the Waterson Hicks fax to Beijing's London counsel dated March 13, 2008, is annexed hereto as Exhibit 2.

14. Despite Thelma Shipping Co. Ltd.'s admitted awareness that "[u]nderwater growth is a notorious feature of Brazilian ports," Thelma Shipping Co. Ltd. failed to comply with CLAUSE 1 of the Charterparty by allowing underwater growth to accumulate to such an extent that the Vessel could no longer meet the Charter's warranted speed.

15. The Vessel, sailing direct from Itaguai, Brazil, arrived in Singapore on January 25, 2008 at which time Thelma Shipping Co. Ltd. contracted for an underwater hull inspection.

16. The January 25, 2008, underwater hull inspection revealed, according to Thelma Shipping Co., Ltd., that the hull was "heavily fouled."

17. As a result of the underwater growth, which Thelma Shipping Co. Ltd. allowed to accumulate in breach of the Charter Party, the Vessel failed to meet the warranted Charter Party speed for the return voyage from Brazil, a fact admitted to by Thelma Shipping Co. Ltd.'s London counsel.

6

Jul. 30. 2008 12:47PM    Lennon, Murphy & Lennon LLC            No. 6272    P. 9
Case 1:08-cv-01804-PAC    Document 22    Filed 07/31/2008    Page 11 of 13

18. As a result of the Vessel's failure to perform up to the standards warranted in the Charter Party, Beijing withheld charter hire as expressly permitted by CLAUSE 102 of the Additional Clause to the Charter Party.

19. CLAUSE 102 expressly states that Thelma Shipping Co., Ltd. is responsible for all costs for underperformance of the Vessel caused by fouling so long as the Vessel does not stay in port more than 20 days.

20. By reason of Thelma Shipping Co. Ltd.'s breach of the Charter Party, Beijing rightfully and lawfully withheld charter hire as permitted by the Charter Party.

21. By reason of Thelma Shipping Co. Ltd.'s breach of the Charter Party, Beijing suffered economic losses directly attributable to the vessel's under performance including, but not limited to, increased fuel costs.

22. Despite due demand, Thelma Shipping Co. Ltd. has failed to pay the amounts due and owing to Beijing under the Charter Party.

23. An arbitration proceeding is currently underway in London to settle the dispute between the parties.

24. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Beijing expects to recover the following amounts at arbitration as the prevailing party:

    A.    Principal Claim                                      $ 181,604.53

|   |   |   |
|---|---|---|
| B. | Estimated Interest on Claim | $ 35,525.14 |
| C. | Estimated Arbitration Costs | $50,000.00 |
| D. | Estimated Attorneys' Fees and Expenses | $150,000.00 |
|   | TOTAL: | **$417,129.67** |

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant Beijing Shourong Forwarding Service Co. Ltd., prays:

1. That this Court dismisses the Plaintiff's Verified Complaint against the Defendant without prejudice;

2. That this Court cites Plaintiff to answer under oath all allegations in Defendant's counterclaim;

3. That pursuant to the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, this Court issue an Order directing Plaintiff to post counter-security in the sum of US$ 417,129.67, failing which, (a) Plaintiff be enjoined from prosecuting its claims against Beijing Shourong Forwarding Service Co. Ltd., in the London arbitration, or any other venue; and/or (b) Plaintiff's attachment of any and all of Defendant's property attached in this action pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions immediately be vacated;

4. That upon the posting of Plaintiff's countersecurity in the sum of US$ 417,129.67, that this matter be placed on the suspense calendar pending arbitration in London, and that this Court retain jurisdiction over this matter through the entry of any judgment or award

8

associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

5. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the counterclaim set forth herein as a Judgment of this Court; and

6. That this Court grant Beijing Shourong Forwarding Service Co. Ltd., such other and further relief as the Court may deem just and proper;

Dated: New York, New York
March 26, 2008

HOLLAND & KNIGHT LLP

By: *[signature]*

James H. Power
Lissa D. Schaupp
195 Broadway
New York, NY 10007-3189
Tel: (212) 513-3200
Fax: (212) 385-9010

james.power@hklaw.com

*Attorneys for Defendant*
*Beijing Shourong Forwarding Service Co. Ltd.*

9