```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 9 2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THELMA SHIPPING CO. LTD.,

                Plaintiff,

   - against -

BEIJING SHOU-RONG FORWARDING SERVICE CO.:
LTD. a/k/a BEIJING SHOURONG FORWARDING
SERVICE CO. LTD.,

                Defendant.
------------------------------------------------------------X

08 Civ. 01804 (PAC)

ECF CASE

## TURN OVER ORDER IN RESPECT OF ATTACHED PROPERTY

Whereas the Plaintiff, THELMA SHIPPING CO. LTD. ("Plaintiff"), through its counsel, Lennon, Murphy & Lennon, and the Defendant, BEIJING SHOU-RONG FORWARDING SERVICE CO. LTD. a/k/a BEIJING SHOURONG FORWARDING SERVICE CO. LTD.("Defendant"), through its counsel, Holland & Knight, have entered into an agreement which provides for the release of the property attached herein to a designated escrow account (see attached Escrow Agreement);

Whereas pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, on or about February 22, 2008 Plaintiff obtained from the Court an Ex-Parte Order of Maritime Attachment together with Process of Maritime Attachment and Garnishment that authorized the attachment of Defendant's property with the Southern District of New York in an amount up to $1,351,155.04; and

WHEREAS, Plaintiff claims to have properly served Process of Maritime Attachment and Garnishment (the "Attachment Order") on Bank of New York ("BNY"); and

WHEREAS, BNY has confirmed that it is holding funds in the amount of $11,789.11 as property of Defendant (the "BNY Attached Funds"); and

WHEREAS, Plaintiff claims to have properly served the Attachment Order on Citibank Bank ("Citibank"); and

WHEREAS, Citibank has confirmed that it is holding funds in the amounts of $658,750.00, $460,845.00, and $219,770.93 as property of Defendant (the "Citibank Attached Funds"); and

WHEREAS the parties have entered into an agreement that provides that the funds attached shall be sent to an escrow account to act as security for the claims presented herein as set forth in the Escrow Agreement; and

WHEREAS the parties have agreed that Defendant's attached funds should be wired via electronic funds transfer by Citibank and Bank of New York to the Holland & Knight LLP escrow account, which in turn will transfer the funds to the Beijing Shourong Forwarding Service Co, Ltd. escrow sub-account, per the terms of the Escrow Agreement, with the remittance details for the Holland & Knight LLP escrow account to be provided in a joint correspondence from the attorneys of Plaintiff and Defendant;

**IT IS HEREBY ORDERED** that garnishees BNY and Citibank shall transfer the BNY Attached Funds and the Citibank Attached Funds, respectively, per the terms of the Escrow Agreement;

**IT IS FURTHER ORDERED** that once these funds reach the Holland & Knight LLP escrow account, Holland & Knight LLP shall transfer those funds to the Beijing Shourong Forwarding Service Co, Ltd. escrow sub-account;

IT IS FURTHER ORDERED that while the BNY Attached Funds and the Citibank Attached funds are being transferred to the Holland & Knight LLP escrow account and the Beijing Shourong Forwarding Service Co, Ltd. escrow sub-account, pursuant to this Order and the terms of the Escrow Agreement, said monies shall not be subject to further attachment and garnishment by other plaintiffs.

Dated: August 29, 2008
New York, NY

SO ORDERED:

*[signature]*
U.S.D.J.

## ESCROW AGREEMENT

WHEREAS on or about February 22, 2008, Plaintiff, Thelma Shipping Co. Ltd. ("Plaintiff"), instituted an action in the United States District Court for the Southern District of New York titled Thelma Shipping Co. Ltd. v. Beijing Shou-Rong Forwarding Service Co. Ltd. a/k/a Beijing Shourong Forwarding Service Co. Ltd, bearing index number 08 Civ. 1804 (PAC), (the "New York Action") in relation to claims arising out of charter party contract dated November 9, 2007 for charter of the vessel M/V MANASOTA, which Action named as a defendant, Thelma Shipping Co. Ltd. v. Beijing Shou-Rong Forwarding Service Co. Ltd. a/k/a Beijing Shourong Forwarding Service Co. Ltd ("Defendant'); and

WHEREAS, the Complaint in the Action seeks, among other things, the attachment of any assets of Defendant up to the amount $1,351,155.04 within the jurisdiction pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

WHEREAS, Plaintiff claims to have properly served Process of Maritime Attachment and Garnishment (the "Attachment Order") on Bank of New York ("BNY"); and

WHEREAS, BNY has confirmed that it is holding funds in the amount of $11,789.11 as property of Defendant (the "BNY attached funds"); and

WHEREAS, Plaintiff claims to have properly served the Attachment Order on Citibank Bank ("Citibank"); and

WHEREAS, Citibank has confirmed that it is holding funds in the amounts of $658,750.00, $460,845.00, and $219,770.93 as property of Defendant (the "Citibank attached funds") (collectively the BNY attached funds and Citibank attached funds hereinafter the "Attached Funds"); and

1

WHEREAS, Plaintiff and Defendant each instructed its counsel to agree to an Escrow Agreement (the "Agreement") to govern the holding and distribution of the Attached Funds to be transferred to an escrow account, as described more fully below;

WHEREAS, Plaintiff and Defendant have agreed that the Attached Funds should be deposited in an interest bearing escrow account and shall remain on deposit until all claims of Plaintiff against Defendant in the New York Action are settled or are resolved by way of final enforceable judgment(s) in the New York Action, and all appeals have been finally determined, or the time to appeal has expired or upon agreement of Plaintiff and Defendant (hereinafter "Final Judgment(s)"); and

WHEREAS, the firm of Holland & Knight LLP, counsel for Defendant, and the firm of Lennon, Murphy & Lennon, LLC, counsel for Plaintiff, have agreed to act as escrow agents;

NOW, THEREFORE, in consideration of the mutual covenants contained herein and in the Consent Order Directing Garnishees to Release Funds Subject to Rule B(1) Attachment for the Transfer and Deposit to Escrow Account, it is agreed by and between the parties that Holland & Knight LLP and Lennon, Murphy & Lennon, LLC shall deposit the Attached Funds into the Holland & Knight attorney trust account (hereinafter the "the Account") at Citibank N.A., 120 Broadway, New York, NY 10043, ABA:          , Account No.: [REDACTED]   Account Name: Holland & Knight LLP Escrow Account. Once the Attached Funds reach the Account, they will be transferred by Holland & Knight LLP into the sub-account established for this action, Sub-Account Name: "Beijing Shourong Forwarding Service Co, Ltd." and Sub-Account No.          hereinafter the "Sub-Account""). [REDACTED]

2

The Attached Funds on deposit in the Sub-Account, together with all accumulated interest, less any bank fees (collectively "the Escrow Funds") shall be subject to disposition only by two signatures, one that of a partner of Holland & Knight, as attorneys for Defendant and one that of a partner of Lennon, Murphy & Lennon, LLC as attorneys for the Plaintiff; and

Unless otherwise agreed by the parties, the Escrow Funds shall remain on deposit until the disputes between them are settled or determined by the Final Judgment(s) (including judgment as to recoverable costs) referred to above at which time the Escrow Funds shall be disbursed in the following manner:

1. If the Final Judgment(s) provides that Plaintiff is entitled to recovery from Defendant, the Escrow Funds shall be paid in the amount of any net judgment in Plaintiff's favor against Defendant, together with (a) any accumulated interest thereon; and (b) recoverable costs by way of judgment, taxation or agreement of the parties, to Lennon, Murphy & Lennon.

2. If the Final Judgment denies a recovery to Plaintiff against Defendant, the total amount of the Escrow Funds, together with all accumulated interest, shall be disbursed to Holland & Knight.

3. If Plaintiff and Defendant, via their respective counsel, Holland & Knight LLP and Lennon, Murphy & Lennon, LLC, agree in writing on an alternative disposition of the Escrow Funds, the Escrow Funds shall be disbursed in accordance with that agreement.

3

IT IS UNDERSTOOD that neither Holland & Knight, LLP or any partner thereof, as escrow agents, nor Lennon, Murphy & Lennon, LLC or any partner thereof, as escrow agents, are to be liable for any act or omission of Citibank N.A. and each of Lennon, Murphy & Lennon, LLC and Holland & Knight, LLP, in holding and distributing the Escrow Funds is acting as an agent for its client and is liable for losses in holding and distributing of the Escrow Funds only if such losses arise solely out of willful misconduct or gross negligence.

THIS AGREEMENT shall be governed by and construed in accordance with New York law, and any dispute arising hereunder or relating thereto shall be referred to the United States District Court for the Southern District of New York, to which the parties agree to submit, waiving any defense of personal jurisdiction and/or venue, and under terms where the parties agree that service on Plaintiff's undersigned counsel and on Defendant's undersigned counsel shall constitute proper service of process.

WHEREUPON, each of the parties have caused this Agreement to be signed by its respective, duly authorized representatives.

Dated: Southport, CT
August 15, 2008

                        LENNON, MURPHY & LENNON, LLC
                        Attorneys for Plaintiff
                        Thelma Shipping Co. Ltd.

By: _____
       Patrick F. Lennon, Esq.
       Nancy R. Siegel, Esq.
       The Graybar Building
       420 Lexington Avenue, Suite 300
       New York, New York 10170

4

        (212) 490-6050

     - AND –

Dated: August 18, 2008
New York, NY

By: HOLLAND & KNIGHT LLP
Attorneys for Defendant
Beijing Shou-Rong Forwarding Service Co. Ltd.
a/k/a Beijing Shourong Forwarding Service Co. Ltd.

_____
Michael J. Frevola, Esq.
James H. Power, Esq.
Christopher R. Nolan, Esq.
195 Broadway
New York, New York 10007
(212) 513-3200